AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

In the Matter of the
*(Briefly describe the property to be searched or identify the person by name and address)*

6901 Georgetown Avenue NW, Albuquerque, New Mexico 87120

Case No. MR 22-1026

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A (incorporated by reference).

located in the _____ District of ___New Mexico___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B (incorporated by reference).

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §2113 | Bank Robbery |

The application is based on these facts:
Please see the attached affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Michael Lane Cordova, FBI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
Telephonically sworn and electronically signed *(specify reliable electronic means)*.

Date: July 5, 2022

*Judge's signature*

City and state: Albuquerque, New Mexico    Steven C. Yarbrough, U.S. Magistrate Judge
*Printed name and title*

Print    Save As...    Attach    Reset

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN THE MATTER OF THE SEARCH OF:

Residence at: 6901 Georgetown Avenue NW
Albuquerque, New Mexico 87120

Case No. _____

### AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

1. I, Michael Lane Cordova, Special Agent of the Federal Bureau of Investigation, being duly sworn, depose and state:

### INTRODUCTION AND AGENT BACKGROUND

2. I make this Affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the residence at 6901 Georgetown Avenue NW, Albuquerque, New Mexico, 87120, hereinafter "SUBJECT PREMISES," further described in Attachment A, for the items described in Attachment B.

3. I am a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI") and have been so employed since June of 2021. As such, I am a federal law enforcement officer within the meaning of Rule 41 of the Federal Rules of Criminal Procedure. I am assigned to the Violent Crime Task Force ("VCTF") at the Albuquerque Field Office of the FBI. I have received on the job training from other experienced agents, detectives, and the Assistant United States Attorneys in the investigations of gang related crimes, narcotics trafficking, firearms violations, carjackings, Hobbs Act robberies, bank robberies, and homicides. My investigative training and experience includes, but is not limited to, interviewing subjects, targets, and witnesses; writing affidavits for and executing search and arrest warrants; managing cooperating sources; collecting evidence; conducting surveillance; and analyzing public records. Moreover, I am a federal law enforcement officer who is engaged in enforcing criminal laws, including 18 U.S.C. § 2113, Bank Robbery.

1

4. The information set forth in this affidavit was derived from my own investigations and/or communicated to be by other employees of the FBI, other law enforcement agencies, and from records and documents that I, and others have reviewed. I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to demonstrate probable cause for the issue of a search warrant.

## SUMMARY OF PROBABLE CAUSE

5. On June 17, 2022, at approximately 12:15pm, a male subject entered the branch Bank of the West located at 500 Dr. Martin Luther King Jr. Boulevard, Albuquerque, New Mexico 87102. Both bank security footage depicted and several witnesses described the subject as a white or Hispanic male, approximately 6'0"-6'2" tall, who wore a black cloth on his head, light-colored tank top, tan colored pants, carrying a green-colored bag and red-colored gas can. The subject entered the bank through the southern door and asked where the nearest fuel station was. He then approached the tellers and made a verbal demand for money. The tellers complied with the demand for money and gave the subject approximately $956.00 in US currency and a GPS tracker. The subject then departed the bank through the same door the subject entered.

6. SA Pete Ubbelohde of the FBI received a notification that a GPS tracker had been activated from Bank of the West and was currently moving at high speeds away from this bank location following various roads. The GPS tracker ultimately made it to southbound I-25, where it was it was recovered along with several bait bills by SA Ubbelohde. Synchronizing the route returned by the GPS tracker with time-stamped security cameras recovered by agents, the suspect vehicle was identified as a dark sedan. The surveillance video depicted the sedan travelling east on Coal Street and then erratically turning south on Locust Street SE.

7. On June 22, 2022, at 11:01 a.m. Albuquerque Metro Crime Stoppers received an anonymous tip that stated the tipster believed that the bank robbery that occurred on June 17, 2022 at the Bank of the West was committed by Randall BECKER (YOB 1978). Agents conducted record checks of BECKER and found that his most recent driver's license photo matched the subject shown in Bank of the West security footage and the description given by witnesses of the robbery that occurred at that location. Record checks also showed that BECKER was last known to be residing at the SUBJECT PREMISES.

8. On July 5th, 2022, SA Cordova and FBI Task Force Officer Brittany Chacon conducted surveillance outside of the SUBJECT PREMISES and identified a dark Audi sedan with the license plate PTY965, similar to the vehicle seen by Agents on security cameras along the route laid out by the GPS tracking device on the day of the robbery.

9. Bank of the West is insured by the Federal Deposit Insurance Corporation and it is therefore a bank as defined under 18 USC § 2113. Bank of the West suffered a financial loss in the aforementioned robbery.

## **EVIDENCE SOUGHT DURING SEARCH**

10. In my training and experience working bank robbery investigations, I am aware that:

   a. Bank robbers often conceal their clothing, robbery notes, disguises, tools and other implements, and the proceeds of their robberies, in their residence.

   b. Further, people also frequently leave items of clothing, bags, and other carrying devices in the vehicles that they use.

   c. Bank robbers can attempt to legitimize the proceeds from their criminal activity. They can accomplish this by using services of foreign and domestic banks and

        various financial institutions, and real estate brokers. Books and papers relating to such efforts, including but not limited to, cashier checks, money orders, telegrams, letters of credit and ledgers, are maintained at property of those involved in criminal activity. It is also common for bank robbers to deposit some or all of the proceeds into foreign or domestic bank accounts for savings and to enable payments by check, debit, or credit cards.

11.       From my training and experience, I know that criminals frequently use devices to communicate, including to coordinate and promote criminal acts. These communications can be in the form of calls, text messages or messaging applications built into the social media platforms including photographs, or videos. These communications can be used to make logistical arrangements for a criminal act, such as arranging transportation, or disposing of evidence. Device applications may also record the actual physical locations of criminals while planning, rehearsing, or committing crimes. Criminals may also preserve photographs, video, or audio of criminal acts. From my training and experience I know that criminals frequently leave evidence in the vehicles that they use such as receipts from hotels/motels, gas stations, convenience stores, and food restaurants. Criminals also frequently leave items of clothing, bags, and other carrying devices in the vehicles that they use.

## COMPUTERS, ELECTRONIC STORAGE AND FORENSIC ANALYSIS

12. As described above and in Attachment B, this application seeks permission to search for evidence and records that might be found on the SUBJECT PREMISES, in whatever form they are found. Much of the evidence and records described in the paragraphs above, and in Attachment B, can also be produced and/or stored on cellphones, digital media and other

storage media. For this reason, I submit that if a cellphone is found on the SUBJECT PREMISES, there is probable cause to believe those records will be stored on that cellphone. Thus, the warrant applied for would authorize the seizure of electronic storage media or, potentially, the copying of electronically stored information, all under Rule 41(e)(2)(B).

1. *Necessity of seizing or copying entire computers or storage media.* In most cases, a thorough search of a premises for information that might be stored on storage media often requires the seizure of the physical storage media and later off-site review consistent with the warrant. In lieu of removing storage media from the premises, it is sometimes possible to make an image copy of storage media. Generally speaking, imaging is the taking of a complete electronic picture of the computer's data, including all hidden sectors and deleted files. Either seizure or imaging is often necessary to ensure the accuracy and completeness of data recorded on the storage media, and to prevent the loss of data either from accidental or intentional destruction. This is true because of the following:

    A. The time required for an examination. As noted above, not all evidence takes the form of documents and files that can be easily viewed on site. Analyzing evidence of how a computer has been used, what it has been used for, and who has used it requires considerable time, and taking that much time on premises could be unreasonable. Storage media can store a large volume of information. Reviewing that information for things described in the warrant can take weeks or months, depending on the volume of the data stored, and would be impractical and invasive to attempt on-site.

    B. Technical requirements. Computers can be configured in several different ways,

featuring a variety of different operating systems, application software, and configurations. Therefore, searching them sometimes requires tools or knowledge that might not be present on the search site. The vast array of computer hardware and software available makes it difficult to know before a search what tools or knowledge will be required to analyze the system and its data on the premises. However, taking the storage media off-site and reviewing it in a controlled environment will allow its examination with the proper tools and knowledge.

C. Variety of forms of electronic media. Records sought under this warrant could be stored in a variety of storage media formats that may require off-side reviewing with specialized forensic tools.

13. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit seizing, imaging, or otherwise copying computers and/or storage media that reasonably appear to contain some or all of the evidence described in the warrant and would authorize a later review of the media or information consistent with the warrant. The later review may require techniques, including but not limited to computer-assisted scans of the computer or entire medium, that might expose many parts of a hard drive to human inspection in order to determine whether it is evidence described by the warrant.

## **CONCLUSION**

14. Based on the forgoing, there is probable cause to believe that a search of the SUBJECT PREMISES will provide fruit and evidence of 18 U.S.C. § 2113, that being Bank Robbery, more fully described in Attachment B of this Affidavit. Therefore, I respectfully request

this Court issue a search warrant authorizing the search and seizure of the items described in Attachment B.

15. I swear that this information is true and correct to the best of my knowledge, information, and belief.

16. This Affidavit was reviewed and approved by Supervisory Assistant United States Attorney Jack Burkhead.

Respectfully submitted,

_____
Michael Lane Cordova
FBI Special Agent

Subscribed and sworn to telephonically and submitted electronically on July 05, 2022:

_____
United States Magistrate Judge

## ATTACHMENT A

## PLACE TO BE SEARCHED:

6901 Georgetown Avenue NW
Albuquerque, New Mexico 87120



## ATTACHMENT B

### ITEMS TO BE SEIZED:

**Particular Property to Be Seized:** The following material, which constitutes evidence of the commission of a criminal offense, namely a violation of 18 U.S.C. § 2113, that being Bank Robbery:

1. Any Bank of the West property to include United States currency and money bands.

2. Electronic devices, to include cellular phones.

3. Documents, including paper, notepads, or notecards, associated with planning or execution of any bank robbery.

4. Any clothing consistent with the style and type worn by the including but not limited to dark-colored skull cap, white tank-top shirt, tan-colored pants, and a green-colored bag.

5. Maps or items depicting the locations of driving and escape routes in relationship to the bank robberies.

6. Photographs of any bank branches.

7. Any writing or written recordings or communications regarding the bank robbery, planning for that bank robberies, and or the use, disposition, and or concealment of the proceeds from the bank robbery.

8. Records, receipts, bank statements and records, money drafts, letters of credit, money orders and cashier's checks received, passbooks, bank checks, safe deposit box keys, vault keys, safes and other items evidencing the obtaining, secreting and/or concealment, and or expenditures of money.

9. Any information regarding Randall Becker's whereabouts on June 17, 2022, between 11 a.m. and 2 p.m.